*May*, 1820.

## Judson *against* Eslava.

1. After plea to the merits, no advantage can be taken of omitting to state in the declaration, the term when filed. The omission of entitling it of the proper Court, is cured by reference to the Writ.

*MIGUEL ESLAVA* declared in Ind. Asst. for money had and received, against *Lewis Judson*, in the Superior Court of *Mobile* County.—General issue—Verdict and Judgment for plaintiff. On which *Judson* brought his Writ of error. The points in the assignments of error and Bill of exceptions, appear in the opinion of the Court.

The *Chief Justice* delivered the opinion of the Court.

A reference to the Writ in this case, will show with sufficient certainty, the Court in which the declaration was filed. The omission relied on is amendable by such reference, after demurrer or plea. If the declaration had been filed after the time required by law, pleading to the merits would have cured the defect. It is a Waiver of any advantage which might have been taken at the time of filing the declaration.

2. Under the plea of non assumpit, evidence of a set-off (without notice) is not admissible.

It appeares that the Court below rejected evidence, offered by the defendant, to prove that plaintiff in 1812, had borrowed $500 of him. We cannot presume more than appears by the record. The debt attempted to be proved, may have been a subsisting debt, before the assumpsit on which the action was brought. It was a set-off, and not a payment. For a payment pre-supposes a debt due from the party paying to the party paid. The plaintiff had no notice or right to expect, from the state of the pleadings, that evidence of set-off would be offered. It was not to be inferred, that the defendant's demand would be offered as a set-off, merely because it accrued before the plaintiff's cause of action. The defendant might have offered it as a set-off, or brought his action for it. The Court below correctly rejected this evidence.

Another error assigned is, " that no legal consideration is set forth in the declaration." The declaration alledges, that money was had and received, without averring " for the use of the plaintiff." The plaintiff's title is informally and defectively stated ; but it is fair to infer, that on this issue a verdict could not have been found for him, unless it had been proved, to the satisfaction of the Jury, that the money was had and received to the plaintiff's use. It is now too late to take advantage of the uncertainty. The defective statement was cured by the verdict.

It is further assigned, that the breach does not aver that no part of the money was paid. The Count charges that the defendant assumed to pay a certain sum of money. The breach assigned is, that he did not pay that sum. It is sufficient if the breach be as broad as the contract declared on. If the defendant had paid any part of the money, he could have proved it on the trial of the issue, and had every advantage, under this assignment of the breach, which he could have had, if it had been laid as required.

By the Bill of exceptions, it appears that *Antonio Hendinburg,* born in the dominions of the King of *Spain,* was an inhabitant of *New Orleans* when *Louisiana* was taken possession of by the *United States ;* but it did not appear that he was there, or where he was, when *Louisiana* was admitted into the Union—that he was called as a Juror—challenged for this cause, the objection overruled, and he sat as a Juror on the trial.

It does not appear that he was ever naturalized in the ordinary mode.

By the 3d article of the treaty, ceding *Louisiana* to the *United States,* it was stipulated, that the inhabitants of the ceded territory *shall* be incorporated in the Union of the *United States,* and admitted, as soon as possible, according to the principles of the Federal Constitution, to the enjoyment of all the rights, advantages, and immunities of Citizens of the *United States.* This is the only article of that treaty which could operate on this question. It does not secure Citizenship until the inhabitants are incorporated into the Union. Until then, they are only entitled to protection, in the free enjoyment of liberty, property, and the religion they profess. It does not appear that *Hendinburg* was an inhabitant of *Louisiana* when that territory was incorporated into the Union. If he was not, being a foreigner, neither the Treaty referred to, nor any other provision of our laws, entitled him to the rights and immunities of a Citizen of the *United States.* A man must be a Citizen to

MAY, 1820.

Judson
v.
Eslava.

3. Declaration that defendant was indebted to plaintiff, for money had and received (without stating " to plaintiff's use") good after verdict.

4. In Indeb. asst. breach sufficiently assigned by statement that defendant " has not paid said sum of money," although it does not state that he has not paid any part thereof.

5. A subject of the King of Spain, living in Louisiana, when taken possession of by the United States, is not a competent juror, unless it appear that he is naturalized, or was an inhabitant of Louisiana, at the time when it was incorporated into the Union.

be a competent Juror.   On this ground, the Judgment must
be reversed, and the cause remanded for a new trial.

Judson
v.
Eslava.          *Crawford* and *Hitchcock*, for the plaintiff.

*Elliott*, for the defendant in error.